UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
v.

CARIBE CAFE RESTAURANT, INC.,
d/b/a Caribe Cafe Restaurant,
and MEGA SHOPPING, LLC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, Caribe Cafe Restaurant, Inc., and Mega Shopping, LLC, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is an individual with disabilities as defined by the ADA, and a resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

5. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are following the ADA/ADAAG.

7. Defendant, Caribe Cafe Restaurant, Inc, is a Florida for-profit Corporation authorized to do business within the state of Florida, which upon information and belief is the owner and operator of Caribe Café Restaurant located within this district at, 3953 NW 7th Street, Miami, Florida 33126, and the subject to this action, and referred hereto as "Caribe Café Restaurant" or "Operator".

8. Defendant, Mega Shopping, LLC, is a Florida limited liability company, which upon information and belief owns and operates the commercial real property identified as Folio: 01-3132-013-0880, with post address of 3951 NW 7th Street, Miami, Florida 33126, which is built out as "Caribe Café Restaurant", and referred hereto as "Mega Shopping" or "Owner,".

## FACTS

9. Defendant, Caribe Cafe Restaurant, Inc, is the owner and operator of the "Caribe Café Restaurant", located at 3953 NW 7th Street, Miami, Florida 33126, and open to the general public. As such, it is a Place of Public Accommodation subject to the requirements of Title III of

the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104.

10. At all times material hereto, Defendant, "Mega Shopping", has leased its commercial property to Defendant, "Caribe Café Restaurant", who in turn has operated (and continues to operate) its restaurant within that leased space.

11. As the owner/operator of a restaurant open to the public, Defendant, "Caribe Café Restaurant", is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

12. On September 16, 2024, Plaintiff personally visited "Caribe Café Restaurant", to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

13. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator Defendant, "Caribe Café Restaurant", and by the owners of the commercial property, Defendant, "Mega Shopping", which house "Caribe Café Restaurant".

14. As the owner and operator of a restaurant. Defendant, "Caribe Cafe Restaurant", is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As the owners of commercial property which built out and utilized as restaurant an establishment that provides goods/services to the general public, Defendant, "Mega Shopping", is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

16. As the owners of commercial property, which is built as public accommodation, Defendant, "Mega Shopping" is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

17. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

18. Plaintiff continues to desire to patronize and/or test the restaurant operated by "Caribe Café Restaurant" and located at the commercial property owned by "Mega Shopping", but continues to be injured, in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

19. All requisite notice has been provided.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.
42 U.S.C. §12101(b)(1)(2) and (4).

23. Prior to the filing of this lawsuit, Plaintiff personally visited "Caribe Café Restaurant" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

24. Defendant, "Caribe Café Restaurant" and Defendant, "Mega Shopping", have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at "Caribe Café Restaurant".

26. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28. Defendant, "Mega Shopping", owner of the commercial property, which houses Defendant, "Caribe Café Restaurant", is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and all Defendants, Defendant, "Caribe Café Restaurant" (operator) and Defendant, "Mega Shopping" (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Parking Lot & Accessible Route (by Mega Liquors)**

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty travel to the building from the accessible parking space as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards (by Suite 100), whose resolution is readily achievable.

**Gonzalez v. Caribe Café Restaurant**
**Complaint for Injunctive Relive**

**Exterior Service Counter**

iii. The counter is mounted above the required height. Violation: Counter is mounted over 36" above the finished floor violating Section 7.2 of the ADAAG and Section 904.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Main Entrance**

iv. The plaintiff had difficulty using the main door without assistance, as the main door has a non-compliant sloped surface with in the required maneuvering clearance of the door. Violation: Maneuvering clearance on the push side of the door has non-compliant slope, violating Sections 4.13.6 of the ADAAG and Sections 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Men's Restroom – General Area**

v. There are permanently designated interior spaces without proper signage, as the signage is mounted on the door leaf, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff had difficulty opening the door, as the lavatory is encroaching the maneuvering clearance on the door. Violation: Lavatory encroaches over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG, Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

vii. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff could not use the paper towel dispenser without assistance, as it is not mounted at the required location. Violation: The paper towel dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The plaintiff had difficulty using the lavatory without assistance, as the required clear floor space was not provided due to the support poles. Violation: The support poles are

      encroaching over the accessible lavatory clear floor space. Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Men's Restroom – Accessible Stall**

- xi. The plaintiff had difficulty opening the stall door, as the lavatory outside the stall is encroaching the maneuvering clearance on the door. Violation: Lavatory encroaches over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG, Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

- xii. The plaintiff had difficulty closing the stall door, as it is missing pull handles. Violation: Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable

- xiii. The plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

- xiv. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance. Violation: The toilet water tank is mounted under the rear wall grab bar not providing the required clearance. Section 4.26.2 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable

- xv. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

- xvi. The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

      **WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, Caribe Cafe Restaurant, Inc., (lessee of the commercial property and operator of the Caribe Café Restaurant located therein) and Mega Shopping, LLC, (owner of the commercial property) and requests the following injunctive and declaratory relief:

    a)     The Court declare that Defendants have violated the ADA;

**Gonzalez v. Caribe Café Restaurant**
**Complaint for Injunctive Relive**

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted this October 6, 2024.

By: */s/ J. Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*